UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of the Search of      No. 4:20-mj-21

20-025-04      **"REDACTED" APPLICATION FOR SEARCH AND SEIZURE WARRANT**

I, Craig Scherer, being duly sworn depose and say:

I am a Special Agent with the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) in Sioux Falls, South Dakota, and have reason to believe that upon the person and within the property fully described in Attachment A, attached hereto and incorporated herein by reference, there is now concealed certain information, namely: that fully described in Attachment B, attached hereto and incorporated herein by reference, which I believe is property constituting evidence of the commission of criminal offenses, contraband, the fruits of crime, or things otherwise criminally possessed, or property designed or intended for use or which is or has been used as the means of committing criminal offenses, concerning violations of 21 U.S.C. §§ 846 and 841(a)(1) (possession with the intent to distribute controlled substances) and 18 U.S.C. § 1956 (money laundering).

The facts to support a finding of Probable Cause are contained in my Affidavit filed herewith.

_____
Craig Scherer, Special Agent
Homeland Security Investigations

Sworn to before me, and subscribed in my presence on the 27th day of February, 2020, at Sioux Falls, South Dakota.

_____
VERONICA L. DUFFY
United States Magistrate Judge

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of the Search of

20-025-04

No. 4:20-mj-21

**"REDACTED" AFFIDAVIT IN SUPPORT OF SEARCH AND SEIZURE WARRANT**

STATE OF SOUTH DAKOTA)
:SS
COUNTY OF MINNEAHAHA)

I, Craig Scherer, being duly sworn on oath, depose and say:

1. I am a Special Agent with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigation (HSI), in Sioux Falls, South Dakota and have been duly employed in this position since December 2003. I am a graduate of the Criminal Investigator Training Program and ICE Special Agent Training Program at the Federal Law Enforcement Training Center.

2. As a Special Agent one of my responsibilities is investigating drug trafficking organizations and associated money laundering methods. I have assisted with numerous investigations into violations of the Federal Controlled Substances Act and I am familiar with the provisions of Title 21 and 18 of the United States Code.

3. Through this affidavit, I am requesting search warrants be issued for the following:



(TARGET LOCATION)

A



- The ▮▮▮▮▮▮▮▮▮▮▮▮

4. I respectfully submit this affidavit in support of an application for a warrant to search for and seize instrumentalities, fruits, and evidence of violations of Title 21 U.S.C. Sections 846 and 841(a)(1) Possession With the Intent to Distribute Controlled Substances, and 18 U.S.C. Section 1956 Money Laundering (Subject Offenses).

5. Because this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only those facts that I believe are necessary to establish probable cause to believe that evidence of violations of United States Code are located at the Subject Premises mentioned in this affidavit.

6. I have received information from other law enforcement officers and sources of information by either verbal or written report. The officers and sources providing information may have received the information by way of personal knowledge or from another source.

**Background**

7. ▮▮▮▮▮▮▮▮▮▮▮▮ and the ▮▮▮ have been investigating an international methamphetamine Drug Trafficking Organization (DTO) responsible for sending bulk ▮▮▮▮▮▮▮▮▮▮▮▮ To date, this investigation has seized ▮▮▮▮▮▮▮▮



On ▮▮▮▮ the ▮▮▮▮

During a ▮▮▮▮

On ▮▮▮▮ the SFADTF served a search warrant at

███ On ███ the SFADTF served a search warrant at ███

11. A search of ███ records located ███, ███ These parcels are believed to have ███

███ On ███ the SFADTF was conducting surveillance of ███

███ On ███ I obtained a state search warrant for a ███ I located the ███ parked in front of ███

███ On ███ the SFADTF was ███ of the ███ The Sioux Fall Police Department (SFPD) ███ and the driver was identified as ███

███ On ███ the ███ moved from the ███

███ On ███ the ███ began to move. Data from the tracker ███

17.  Documents from ▓▓▓▓▓

18.  A search of ▓▓▓▓▓

19.  ▓▓▓▓▓ also had a text conversation with phone number ▓▓▓▓▓ South Dakota driver's license, South Dakota vehicle registration and SFPD records identified this phone number is assigned to ▓▓▓▓▓ South Dakota vehicle registration records identified ▓▓▓▓▓ only registered vehicle as a ▓▓▓▓▓ of the **TARGET LOCATION**. SFPD records identified ▓▓▓▓▓ address as the **TARGET LOCATION**.

▓▓▓ Records received pursuant to a Summons served on the ▓▓▓▓▓ lives at the **TARGET LOCATION**. This apartment is near the location the ▓▓▓ was commonly parked. In ▓▓▓ conversations ▓▓▓▓▓ The conversation thread also made reference of ▓▓▓ attempting to purchase ▓▓▓▓▓

▓▓▓ A concurrent financial investigation resulted in the service of a subpoena ▓▓▓▓▓ for financial transactions ▓▓▓▓▓ is a mobile payment service developed by ▓▓▓▓▓ allowing users to transfer money to one another using a mobile application. A review of those records revealed on ▓▓▓▓▓ engaged in multiple transfers and/or attempted transfers of money to a ▓▓▓▓▓ user registered to the username ▓▓▓▓▓ records reveal the ▓▓▓▓▓ is registered to ▓ The cash transfers between ▓▓▓▓▓



22. ▮ provided information in the "Subject" section of the transaction log that appears to be used to conceal the nature of the transactions. ▮ As all of the transactions were conducted on the same day, it appears that this was done to structure and help conceal the nature of the transactions.

On ▮ I conducted an interview of ▮



▮ also learned ▮ had recently ▮

On ▮ SFADTF Detective Dan Christiansen conducted an interview of ▮

[5]



▇ The statements of ▇ appear to describe the same event regarding a ▇

On ▇, IRS SA Corey Vickery and I arrived at the ▇ stated the ▇ still resides at the **TARGET LOCATION**. The manager further ▇ commonly receives medium sized packages which are addressed to ▇

28.   Based on the facts above, I believe the ▇ was used to transport ▇. I also believe ▇ tried to conceal the location of ▇ by parking it in the ▇. I further believe ▇ is assisting ▇

29.   Based on the above I believe ▇ is a coconspirator with ▇ and ▇ residence is being used as a shipping destination and drug storage location. ▇ may also be in possession of drug proceeds.

### Training and Experience

30.   Based on my training, experience, and participation in this and other criminal investigations, I know that:

> a. Those involved in illegal activities often place assets in names other than their own to conceal these assets from law enforcement officials and to launder money
>
> b. Those involved in illegal activities often attempt to legitimize their profits by using financial institutions and their services. Records of these financial accounts are normally kept in their residences and/or electronic devices.
>
> c. It is common for those involved in illegal activities to make currency expenditures with the proceeds from their unlawful activity.

>d. It is common for those involved in illegal activities to use associates and/or co-conspirators to transfer/move money to avoid detection by law enforcement and/or financial institutions.

31. From my training and experience I know that it is a violation of Title 18, United States Code, Section 1956 (Money Laundering), for an individual, knowing that the property involved in a financial transaction represents the proceeds of some form of illegal activity, to conduct or attempt to conduct a financial transaction which involves the proceeds of a specified unlawful activity with the intent to carry on a specified unlawful activity or to conceal the proceeds of a specified unlawful activity.

32. Based on my training and experience I know that persons involved with the illegal sale of controlled substances use bank accounts, wire transfers, money orders, bulk cash couriers, cryptocurrency and purchase of assets to disguise the illegal proceeds and to avoid law enforcement detection.

33. Based upon my training, experience and participation in other investigations involving cocaine, crack cocaine, MDMA, steroids, methamphetamine, heroin, marijuana and/or other controlled substances, I know:

>a. That narcotics traffickers often place their assets in names other than their own to avoid detection of these assets by government agencies;

>b. That even though their assets are in other persons names, the narcotics traffickers own and continue to use these assets and exercise dominion and control over them;

>c. That large-scale narcotics traffickers often maintain on hand large amounts of U.S. currency in order to maintain and finance their ongoing narcotics business;

>d. That narcotics traffickers often maintain books, records, notes, ledgers, airline tickets, money orders, and other papers relative to the transportation, ordering, sale, and distribution of controlled substances. That narcotics traffickers occasionally "front" (provide narcotics on consignment) narcotics to their clients. That the aforementioned books, records, receipts, notes, ledgers, etc., are often maintained where the narcotics traffickers have ready access to them, including in their residences and vehicles;

>e. That it is common for narcotics traffickers to secrete

contraband, proceeds of drug sales, and records of drug transactions (some being coded and cryptic in nature) in secure locations within, or in near proximity to, their respective residences and/or vehicles for ready access and to conceal from law enforcement authorities;

f. That persons involved in drug trafficking often conceal in and near their residence and vehicles caches of drugs, large amounts of currency, financial instruments, precious metals, jewelry, and other items of value and/or proceeds of drug transactions; and evidence of financial transactions related to obtaining, transferring, secreting, and/or spending of large sums of money made from engaging in narcotics trafficking activities;

g. That controlled substance traffickers commonly maintain address or telephone books or papers which reflect names, addresses and/or telephone numbers of their associates in the trafficking organization;

h. That narcotics traffickers often utilize electronic devices, cellular telephones, electronic address books, computers, etc., to facilitate communication with co-conspirators and/or store telephone numbers/addresses of associates, customers and sources of supply.

i. That narcotics traffickers often possess firearms, ammunition, and other weapons.

j. That persons present at locations where drugs are distributed, stored and/or used, often conceal many of the above mentioned items, particularly controlled substances and names/numbers of associates, on their person.

34. I know based on my training and experience that individuals who engage in the Subject Offenses often keep physical evidence, fruits, and instrumentalities of their crimes inside their residences, including, but not limited to, controlled substances, packaging material and packing inserts (from outgoing drug shipments and incoming cash deliveries), shipping labels (from outgoing drug shipments and incoming cash deliveries), ledgers reflecting drug transactions and funds laundered, drug and financial transaction reports, customer and supplier lists, identification documents and records confirming residency, access devices relating to drug supplies and financial accounts (such as swipe cards to medical offices and credit and debit cards), detailed financial records, and cash proceeds.

35. I know based on my training and experience that such evidence, fruits, and instrumentalities are often stored in locked containers, safes, secret compartments, closets, drawers, above or below ceiling and floor tiles, behind false walls, and in other places intended to avoid detection by other people, including law enforcement.

36. Based on my training and experience, I know that it is common for people involved in the sale, distribution and use of illegal drugs to keep records of their customers and suppliers. Individuals involved in the sale, distribution and use of illegal drugs will conceal their drugs and paraphernalia on themselves as well as use other people to conceal the drugs and paraphernalia. People involved in the sale, distribution and use of illegal drugs will often conceal their drugs and paraphernalia in their vehicles as they are often used to distribute drugs. Based on this training and experience I know that people involved with the sale of marijuana and other drugs will ingest marijuana and/or other drugs.

37. I know based on my training and experience that even if long time drug traffickers stop distributing controlled substances, either voluntarily, or under law enforcement pressure, these traffickers often retain in their possession many items with evidentiary value, including telephones and telephone records; names, addresses and telephone numbers of associates; documents related to financial transactions; and other items as listed in this affidavit.

38. I know that the commission of the Subject Offenses in the manner set forth above necessarily requires the use of computers, smart phones, tablets, or other computer devices and storage media for the perpetrator to access dark web marketplaces and bitcoin exchanges, connect with customers, and co-conspirators, and engage in the transfers of digital currency. I have learned through training and experience that individuals who engage in the Subject Offenses in this way also commonly use such electronic devices to keep track of suppliers, customers and co-conspirators, keep records of illegal transactions and criminal proceeds, and store copies of online chats, emails, and other data. In addition, I know, based on training and experience that perpetrators maintain copies of software programs and other applications to assist with accessing the dark web and running a vendor account, including, but not limited to, Tor browser software, Bitcoin client and wallet files, digital signature software and related authentication keys, as well as encryption software and related encryption keys. In such cases, I know that perpetrators often keep such electronic devices inside their homes. In the case of smart phones, tablets, and laptop computers, perpetrators may also keep such devices on their person in, either in their pockets or in containers such as carrying bags, cases, backpacks or protective sleeves.

39. I know that computers and electronic storage devices may be important to a criminal investigation in two distinct ways: (1) the objects

themselves may be contraband, evidence, instrumentalities, or fruits of crime, and/or (2) the objects may be used as storage devices that contain contraband, evidence, instrumentalities, or fruits of crime in the form of electronic data. In this case, the warrant application requests permission to seize electronic storage devices to include but not limited to computers and cell phones.

40. Based upon my knowledge, training and experience, I know that searching and seizing information from electronic storage devices often requires agents to seize most or all electronic storage devices (along with related peripherals) to be searched later by a qualified computer expert in a laboratory or other controlled environment.

41. I hereby request the Court's permission to seize the electronic storage devices and associated peripherals that are believed to contain some or all of the evidence described in the warrant.

42. I believe based on the above information that individuals known, and unknown have been involved in drug trafficking activities in the Sioux Falls, South Dakota area for an extended period of time. I further believe these individuals' activities are ongoing.

43. Based upon my training and experience I believe that individuals known and unknown are involved in the distribution, trafficking, and/or possession of illegal drugs. I believe persons present at the time the warrant is served or persons who may arrive at the location mentioned in this affidavit during the service of the warrant may be sources of supply, customers and/or persons present or arriving to ingest illegal drugs. I request the order of the Court to authorize a search of the following: 1) Any and all persons present at the time the warrant is served; 2) Any and all persons who arrive during the service of the warrant; and, 3) Any and all vehicles under the control of persons present or that arrive during the service of the warrant.



Based on the above, I believe that there is probable cause to believe that evidence of violations of Title 21 U.S.C. Sections 846 and 841(a)(1) and Title 18 U.S.C. 1956 exist at ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

_____
Craig Scherer, Special Agent
Homeland Security Investigations

Sworn to before me, and subscribed in my presence on the 27th day of February, 2020, at Sioux Falls, South Dakota.

_____
VERONICA DUFFY
UNITED STATES MAGISTRATE JUDGE

[11]

## "REDACTED" ATTACHMENT A
## DESCRIPTION OF PROPERTY TO BE SEARCHED



(TARGET LOCATION)

# "REDACTED" ATTACHMENT B
# DESCRIPTION OF PROPERTY TO BE SEARCHED FOR AND SEIZED

1. Evidence concerning occupancy or ownership of the Subject Premises, including without limitation, utility and telephone bills, mail envelopes, addressed correspondence, diaries, statements, identification documents, address books, telephone directories, and keys.

2. Evidence concerning the identity or location of, and communications with, controlled substances customers and co-conspirators, including without limitation, mail matter, shipping labels, label-making equipment or software, physical or electronic records or data associated with customer shipping labels, letters, notes, address books, and photographs.

3. Evidence reflecting the use of the pseudonyms and other online pseudonyms reflecting the use of vendor or buyer accounts on dark web marketplaces, and communications or writings reflecting patters or idiosyncrasies associated with online pseudonyms that may be associated with online chats or communications regarding the Subject Offenses.

4. Evidence concerning the establishment or management of an online or dark web drug retail business as part of the Subject Offenses, including without limitation, documents and other records relating to the creation or hosting of websites, evidence of dark web or Tor Browser access, merchant accounts for customer transactions, product vendors or sources of supply, invoices, order forms, and communications with co-conspirators and others about any of the aforementioned subjects.

5. Evidence concerning the procurement, receipt, storage, or shipping of controlled substances, including without limitation, opened or unopened packages, packing material, shrink wrap, vacuum sealers, shipping labels, stamps, records relating to the opening or maintenance of post office or UPS boxes, and communications with co-conspirators and others about any of the aforementioned subjects.

6. Evidence concerning the possession, use or distribution of controlled substances, including without limitation, marijuana and other controlled substances, paraphernalia, instrumentalities, documents, or other items which are evidence of the illicit possession, use or distribution of controlled substances.

7. Evidence concerning the distribution of controlled substances, including without limitation, customer lists, ledgers, accounts, delivery and payment records, and communications with customers, co-conspirators, and others about any of the aforementioned subjects.

8. Evidence concerning financial transactions associated with operations or proceeds of an online or dark web drug retail business, or the distribution of controlled substances, including without limitation, United States currency, precious metals, jewelry and financial instruments including, but not limited to, stocks and bonds, any paper or digital account opening documents, statements, deposit slips, checkbooks, orders or confirmations of wire transfers, records of any accounts or transactions within the traditional banking or credit systems or via digital currencies such as Bitcoin, packing material or inserts relating to any transactions with any cash-for-bitcoin exchange, and communications with financial services representatives, co-conspirators, or other third parties about any of the aforementioned subjects.

9. Evidence concerning the purchase, possession or sale of firearms and ammunition.

**Search and Seizure of Electronically Stored Information (ESI)**

The items to be seized from Subject Premises also include any computer devices and storage media that may contain any ESI falling within the categories set forth above, including, but not limited to, desktop and laptop computers, tablets, hard drives, disk drives, modems, thumb drives, personal digital assistants, smart phones, digital cameras, and scanners, as well as routers, modems, and network equipment used to connect to the Internet (Subject Devices). In lieu of seizing any such computer devices or storage media, this warrant also authorizes the copying of such devices or media for later review.

The items to be seized from Subject Premises also include:

1. Any items or records needed to access the data stored on any seized or copied computer devices or storage media, including but not limited to any physical keys, encryption devices, or records of login credentials, passwords, private encryption keys, or similar information.

2. Any items or records that may facilitate a forensic examination of the computer devices or storage media, including any hardware or software manuals or other information concerning the configuration of the seized or copied computer devices or storage media.

3. Any evidence concerning the identities or locations of those persons with access to, control over, or ownership of the seized or copied computer devices or storage media.

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

In the Matter of the Search of

20-025-04

No. 4:20-mj-21

**"REDACTED" SEARCH AND SEIZURE WARRANT**

TO: ANY AUTHORIZED LAW ENFORCEMENT OFFICER

An application by a federal law enforcement officer or an attorney for the government requests the search of the person and property described in Attachment A, attached hereto and incorporated herein by reference.

I find that the affidavit, or any recorded testimony, establish probable cause to search and seize the property described above for the information fully described in Attachment B, attached hereto and incorporated herein by reference, and that such search will reveal evidence of the violations of 21 U.S.C. §§ 846 and 841(a)(1) (possession with the intent to distribute controlled substances) and 18 U.S.C. § 1956 (money laundering).

**YOU ARE COMMANDED** to execute this warrant on or before 3-12-2020 _(not to exceed 14 days)_
☒ in the daytime – 6:00 a.m. to 10:00 p.m.
☐ at any time in the day or night as I find reasonable cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to the undersigned Judge.

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized,
☐ for _____ days _(not to exceed 30)_.
☐ until, the facts justifying, the later specific date of _____.

2-27-2020 at 9am CST at Sioux Falls, South Dakota
Date and Time Issued

_____
VERONICA L. DUFFY
United States Magistrate Judge

[2]

**"REDACTED" ATTACHMENT A**
**DESCRIPTION OF PROPERTY TO BE SEARCHED**



(TARGET LOCATION)

# "REDACTED" ATTACHMENT B
# DESCRIPTION OF PROPERTY TO BE SEARCHED FOR AND SEIZED

1. Evidence concerning occupancy or ownership of the Subject Premises, including without limitation, utility and telephone bills, mail envelopes, addressed correspondence, diaries, statements, identification documents, address books, telephone directories, and keys.

2. Evidence concerning the identity or location of, and communications with, controlled substances customers and co-conspirators, including without limitation, mail matter, shipping labels, label-making equipment or software, physical or electronic records or data associated with customer shipping labels, letters, notes, address books, and photographs.

3. Evidence reflecting the use of the pseudonyms and other online pseudonyms reflecting the use of vendor or buyer accounts on dark web marketplaces, and communications or writings reflecting patters or idiosyncrasies associated with online pseudonyms that may be associated with online chats or communications regarding the Subject Offenses.

4. Evidence concerning the establishment or management of an online or dark web drug retail business as part of the Subject Offenses, including without limitation, documents and other records relating to the creation or hosting of websites, evidence of dark web or Tor Browser access, merchant accounts for customer transactions, product vendors or sources of supply, invoices, order forms, and communications with co-conspirators and others about any of the aforementioned subjects.

5. Evidence concerning the procurement, receipt, storage, or shipping of controlled substances, including without limitation, opened or unopened packages, packing material, shrink wrap, vacuum sealers, shipping labels, stamps, records relating to the opening or maintenance of post office or UPS boxes, and communications with co-conspirators and others about any of the aforementioned subjects.

6. Evidence concerning the possession, use or distribution of controlled substances, including without limitation, marijuana and other controlled substances, paraphernalia, instrumentalities, documents, or other items which are evidence of the illicit possession, use or distribution of controlled substances.

7. Evidence concerning the distribution of controlled substances, including without limitation, customer lists, ledgers, accounts, delivery and payment records, and communications with customers, co-conspirators, and others about any of the aforementioned subjects.

8.  Evidence concerning financial transactions associated with operations or proceeds of an online or dark web drug retail business, or the distribution of controlled substances, including without limitation, United States currency, precious metals, jewelry and financial instruments including, but not limited to, stocks and bonds, any paper or digital account opening documents, statements, deposit slips, checkbooks, orders or confirmations of wire transfers, records of any accounts or transactions within the traditional banking or credit systems or via digital currencies such as Bitcoin, packing material or inserts relating to any transactions with any cash-for-bitcoin exchange, and communications with financial services representatives, co-conspirators, or other third parties about any of the aforementioned subjects.

9.  Evidence concerning the purchase, possession or sale of firearms and ammunition.

**Search and Seizure of Electronically Stored Information (ESI)**

The items to be seized from Subject Premises also include any computer devices and storage media that may contain any ESI falling within the categories set forth above, including, but not limited to, desktop and laptop computers, tablets, hard drives, disk drives, modems, thumb drives, personal digital assistants, smart phones, digital cameras, and scanners, as well as routers, modems, and network equipment used to connect to the Internet (Subject Devices). In lieu of seizing any such computer devices or storage media, this warrant also authorizes the copying of such devices or media for later review.

The items to be seized from Subject Premises also include:

1.  Any items or records needed to access the data stored on any seized or copied computer devices or storage media, including but not limited to any physical keys, encryption devices, or records of login credentials, passwords, private encryption keys, or similar information.

2.  Any items or records that may facilitate a forensic examination of the computer devices or storage media, including any hardware or software manuals or other information concerning the configuration of the seized or copied computer devices or storage media.

3.  Any evidence concerning the identities or locations of those persons with access to, control over, or ownership of the seized or copied computer devices or storage media.